IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES MUNSON                                                                                    PLAINTIFF

v.                                    CASE NO.: 6:08-cv-06109

JIMMY BURROW *et al.*                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

James Munson (Plaintiff), of Conway, Arkansas, filed this case pro se and *in forma pauperis* under 42 U.S.C. § 1983. (Doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that this case be DISMISSED for failure to prosecute and follow an Order of the Court.

**I.     BACKGROUND**

Plaintiff filed his Complaint (Doc. 1) naming the following Defendants: Jimmy Burrow, Chad Burrow, James Gibson, Larry Norris, H.C. Dickson, Robert Boyd, Larry May, Cleo Smith, Shannon Porchia, Minnie Grayer, Dale Reed, and John Does 1-3. In summary, Plaintiff's Complaint concerns denial of access to the prison grievance system, denial of due process at a disciplinary hearing, and retaliation. Plaintiff's Complaint requested as relief 1) "a declaration that [Plaintiff's] rights were violated and permanent injunction prohibiting ADC employee's from repeating their acts," 2) injunctive relief to have Plaintiff's disciplinary records removed and all records restored, 3) compensatory damages awarded in excess of $5,000.00 from each Defendant, with punitive damages in excess of $5,000.00 from each Defendant, and 4) costs and fees. (Doc. 1, ¶ VIII).

On April 8, 2009, Plaintiff filed a Motion to Amend (Doc. 9), requesting that his Complaint

be amended regarding the relief requested.  This Motion was granted on April 30, 2009, and Plaintiff was given on or before May 29, 2009 to file his Amended Complaint.  (Doc.  10).  Plaintiff did not file any Amended Complaint.  No mail was returned to the Court as undeliverable, but Plaintiff did submit a notice of change of address on May 22, 2009 (Doc.  11)  and December 15, 2009.  (Doc. 12).  Plaintiff has also filed an additional case in the Western District of Arkansas, styled *Munson v. Mourot, et al.*; 6:09-cv-06005.  Plaintiff's address of record in case 6:09-cv-6005 is the same as that in the present action.

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) specifically contemplates the dismissal of a case for failure to prosecute or comply with Court orders.  FED. R. CIV. P.  41(b).  The United States Supreme Court has held this power to dismiss under 41(b) includes the power to dismiss *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Brown v. Frey*, 806 F.2d 801, 803-4 (8th Cir. 1986) (holding a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order and such as a dismissal may be with prejudice); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir.1983) (finding it is "well settled" that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.    DISCUSSION

The Court's Order for Plaintiff to file his Amended complaint (Doc.  10) has not been complied with by Plaintiff.  It is clear from the docket sheet that a copy of the Order was mailed to Plaintiff personally, at his last given address of record, and no mail was returned to the Court. Moreover, the docket reflects that Plaintiff has had no contact with the Court since December 15, 2009, when he filed his notice of change of address.  For these reasons, Plaintiff's case should be

dismissed without prejudice due to his failure to prosecute the action diligently and his failure to respond to the Court's orders.

### IV.   CONCLUSION

In accordance with the above, IT IS RECOMMENDED that Plaintiff's case be DISMISSED in its entirety without prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June 2010.

/s/ Barry A. Bryant
BARRY A. BRYANT
U.S. MAGISTRATE JUDGE